UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

VICTOR MARSHALL, et al.,

          Defendants.

DECISION AND ORDER
11-CR–381

Defendant Mario Pena has moved, pursuant to 28 U.S.C. §1915(a), for an order authorizing him to proceed *in forma pauperis*. (Dkt. No. 165) Defendant also requests a free copy of his sentencing transcripts. *Id*. For the following reasons, defendant Pena's motion to proceed *in forma pauperis* is granted but his request for sentencing transcripts is denied.

**Request to Proceed *In Forma Pauperis***

In support of his motion to proceed *in forma pauperis*, defendant has submitted the financial and substantive information required by 28 U.S.C. §1915(a) and Rule 24(a)(1) of the Federal Rules of Appellate Procedure. Upon due consideration, the defendant's request to proceed as a poor person is granted. The defendant may proceed *in forma pauperis* without prepayment of fees and costs and without providing security therefor.

**Request for Transcripts**

Defendant also requests a free copy of his sentencing transcripts. The Court deems this request to be one pursuant to 28 U.S.C. §753(f), which provides in relevant part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money apportioned for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. §753(f) (1994). Movant has yet to file an appeal or a Section 2255 motion challenging conviction or sentence, but has requested a copy of his sentencing transcripts.

Based upon the plain language and necessary operation of the statute, the Court finds that a motion for a free transcript pursuant to Section 753(f) is not ripe until a Section 2255 motion has been filed. As the Court of Appeals for the Second Circuit explained in *United States v. Horvath*, Section 753(f) provides for transcripts only in "proceedings brought under section 2255," but no such proceeding exists until a Section 2255 motion is filed. 157 F.3d 131, 132-33 (2d. Cir. 1998). Furthermore, the statute requires the Court's certification that the transcript is needed for the Court to decide a Section 2255 motion, not for a criminal defendant to prepare it, before the Court may direct the transcript to be provided to the movant at the Government's expense. Without a Section 2255

motion in hand, the Court has no basis for certifying such a need, or even for determining (as the statute requires) whether the Section 2255 motion is frivolous.

The Second Circuit also noted that because a Section 2255 motion need only set forth the movant's claims of error generally, see Rule 2(b) of the Rules Governing Section 2255 Proceedings,[1] no petitioner bringing a motion under Section 2255 should be foreclosed from filing by not having a transcript available before the motion is filed. A Section 2255 motion can be summarily dismissed only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255. Thus, "the motion and the files and record of the case" will not "conclusively" defeat a Section 2255 motion if a transcript is needed to decide a non-frivolous issue presented by the motion. Given that, a movant who can plead facts sufficient to obtain certification under Section 753(f) will be able to satisfy the non-onerous pleading standards for a Section 2255 motion.

Accordingly, the request for a free transcript is denied at this stage of the proceeding.

---

[1] Rule 2(b) provides in relevant part that "[the motion] shall specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 13, 2013